United States District Court
For the Northern District of California

\* E-filed 8/23/07 \*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANA EULLOQUI, et. al., | Case No. CV 07-00877 JW (HRL) |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS** |
| SEVEN TREES VILLAGE HOMEOWNERS' ASS'N, et. al., | |
| Defendants. | Re: Docket No. 30 |

Plaintiffs sue under federal and state fair housing laws for discrimination based on national origin and family status. Defendants are Seven Trees Village Homeowner's Association ("the Association") and board members in office when the alleged discriminatory conduct occurred. Plaintiffs move to compel initial disclosures and for sanctions.

**BACKGROUND**

The complex factual background between these parties began when the defendant board members instituted a special assessment on Association members in order to pay for roof repairs. Members challenged the assessment, arguing it was in violation of state law.[1] Although the special assessment was revoked, some members remained dissatisfied with the board and apparently staged a "palace coup." The validity of this board election is currently

---

[1] Some of the Plaintiffs in this action were represented by their current counsel during the assessment dispute.

being litigated in state court.[2]  The facts surrounding this takeover are contested, particularly with respect to who currently has possession of the Association's documents.

## DISCUSSION

It is undisputed that Defendants served their initial disclosures nearly two months late. However, the parties dispute the adequacy of these disclosures and whether that two month delay warrants sanctions.  Defendants' initial disclosures included a signed document as required by FED. R. CIV. P. 26 and a box of documents provided by the Association's bookkeeper.

**A) ADEQUACY OF DEFENDANTS' DISCLOSURES**

Plaintiffs first claim that under FED. R. CIV. P. 26(a)(1)(D) Defendants are required to provide for inspection and copying of the insurance policy that may cover them in the instant action.  The initial disclosure statement says:

> There is no insurance coverage presently being provided the Defendants.  However, a claim has been presented to Farmers Insurance on behalf of all Defendants.  A copy of the insurance policy under which this claim is being made is in the possession of the alleged new Board of Directors and their property manager.

Defendants noted at the hearing that, although they could likely acquire a copy, they do not currently possess one and thus should not be required to produce it.

Federal Rule of Civil Procedure 26(a)(1)(D) requires a party to provide for inspection and copying "any insurance agreement under which ... an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  This rule requires disclosure without reference to whether the information is "within the party's possession, control or custody."[3] Here, disclosure obligations cannot be avoided by an assertion that the party does not possess a copy.  Rather, Defendants must attempt to acquire the policy if it may provide coverage.

---

[2] Nothing in this order shall be construed to be determinative of any issue in that action.

[3] *Cf.* FED. R. CIV. P. 26(a)(1)(B)

2

1  Accordingly, Plaintiffs' motion to compel as it pertains to the insurance policy is GRANTED.
2  **Defendants shall utilize all available resources to produce this policy for inspection and**
3  **copying within ten days of the date of this order.**

5  Plaintiffs next argue that the initial disclosures are inadequate because Defendants failed
6  to review and then produce documents in their possession, custody or control. Rule 26(a)(1)(B)
7  requires a party to provide "a copy of, or a description by category and location of, all
8  documents [and the like] that are in the possession, custody, or control of the party and that the
9  disclosing party may use to support its claims or defenses, unless solely for impeachment."
10 Notably, this rule does not require document production, but instead gives the disclosing party
11 the option of either producing documents or describing by category those documents in the
12 party's possession upon which it intends to rely.
13 Defendants' initial disclosure states that they have produced for inspection and copying
14 "all relevant documents in the possession of Defendants." It further notes that,

> [t]here are other possibly relevant documents that are in the possession of persons claiming to be the new Board of Directors ... that are no longer available to the Defendants. If those documents are returned to the Defendants [as the result of the State Court Action], they will be disclosed in a supplemental Initial Disclosure.

Defendants claim that this satisfies Rule 26.

Perhaps the disclosure statement could have more clearly explained that Defendants contend they are relieved from the obligation of describing by category the documents on which they intend to rely because they do not have possession of the same. However, it would be futile to require Defendants to serve a second statement merely for the purpose of that clarification. Because Defendants represented in open court that they have no other documents beyond those produced, the disclosures made are sufficient. Therefore, Plaintiffs' motion with respect to compelling further disclosures is DENIED.[4]

---

[4] Plaintiffs vehemently dispute Defendants' representations that the "new" board has the Association records and allege, ominously, that the individual defendants either have them or destroyed them. It remains to be seen how the evidence on this point might unfold.

3

**B) SANCTIONS**

Plaintiffs contend that Defendants' delay in disclosing is inexcusable. They argue that they were prejudiced by both the general delay of the proceedings and by having to serve their first request for production of documents without the benefit of the disclosures. Further, Plaintiffs point to Defendants' initial refusal to meet and confer which compelled Plaintiffs to file this motion.[5] Therefore, Plaintiffs seek sanctions either in the form of evidence and witness preclusion or for an award of $8,000 in attorney's fees and costs associated with the delay.[6]

Defendants first defend the delay by explaining that they needed time to determine who should be representing them. Defense counsel Berger states that the defense should be handled by the law firm representing the replacement board in the state action or, hopefully, by counsel to be retained by the insurance carrier. However, this argument holds little weight since Berger chose to become counsel of record in this action even though he knew of all extenuating circumstances (i.e., the so-called "palace coup" had already taken place) before filing an answer. Furthermore, defense counsel made no effort to seek an extension of time to respond in light of the factual background.

Defendants next argue against sanctions because plaintiffs' counsel had previously been offered the chance to review Association files during the special assessment dispute. This point is irrelevant because, even if Plaintiffs' counsel had reviewed documents for that dispute, this would not absolve Defendants of their federal disclosure obligations in this case. Finally, Defendants argue that Plaintiffs suffered little harm or prejudice as a result of the delayed production.

//

//

---

[5] Defendants ignored all of Plaintiffs' many meet and confer efforts until motion practice was threatened several weeks after initial disclosures were due.

[6] After this motion was filed, the parties stipulated to a continuance to give Defendants time to produce the initial disclosures. At that time, and in light of the pending satisfaction of the disclosure obligation, defense counsel offered to pay $900 to cover reasonable fees and costs incurred by Plaintiffs with respect to obtaining Defendants' initial disclosures. Plaintiffs declined that offer.

Sanctions in the form of witness and evidence preclusion are not appropriate where there was no substantial harm suffered resulting from the delayed disclosure. Yes, the Plaintiffs were subjected to some delay, some frustration, and some additional costs. But, there was no substantial harm. Therefore, that request is DENIED.

However, because the disclosure delay was inexcusable, because there was some prejudice to the Plaintiffs as a result, and because Plaintiffs were obliged to bring this motion, a modest award of fees and costs is appropriate. Accordingly, Plaintiffs' motion with respect to attorney's fees and costs is GRANTED IN PART.[7]  **Defendants shall pay $600 to Plaintiffs within ten days of the date of this order.**

**IT IS SO ORDERED.**

Dated:  8/23/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[7] The motion for sanctions is granted in part despite Plaintiffs' failure to properly file and notice this motion as required by Civil L-R 7-8.

5

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Albert Alan Berger aabtwo@aol.com, conniempena@netscape.net

Whitney Huston whuston@sturdevantlaw.com, arocha@sturdevantlaw.com, kstilber@sturdevantlaw.com

Kimberly Pederson kimp@lawfoundation.org

Darryl Paul Rains drains@mofo.com, dgillis@mofo.com

Stephanie Laura Zeller szeller@mofo.com, llontayao@mofo.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  8/23/07

                                               /s/ KRO
Chambers of Magistrate Judge Lloyd

6